

**COUNTY COUNSEL**
MICHAEL P. MURPHY

**CHIEF DEPUTIES**
JOHN C. BEIERS
DEBORAH PENNY BENNETT
BRENDA B. CARLSON

# COUNTY COUNSEL
## COUNTY OF SAN MATEO
HALL OF JUSTICE AND RECORDS • 6TH FLOOR
400 COUNTY CENTER • REDWOOD CITY, CA 94063-1662
TELEPHONE: (650) 363-4250 • FACSIMILE: (650) 363-4034

*Please respond to: (650) 363-4757*

**DEPUTIES**
KATHRYN E. ALBERTI
REBECCA M. ARCHER
AIMEE B. ARMSBY
PETER K. FINCK
TIMOTHY J. FOX
PORTOR GOLTZ
LEIGH HERMAN
JUDITH A. HOLIBER
KIMBERLY A. MARLOW
JOHN D. NIBBELIN
PAUL A. OKADA
DAVID A. SILBERMAN
WILLIAM E. SMITH
MIRUNI SOOSAIPILLAI
V. RAYMOND SWOPE III
LEE A. THOMPSON
EUGENE WHITLOCK
CAROL L. WOODWARD

November 15, 2007

Honorable Phyllis J. Hamilton
United States District Judge for the Northern
District of California
450 Golden Gate Avenue
San Francisco, CA 94102

  Re: *Moreno, et al. v. City of East Palo Alto, et al., C 06-4168 PJH, Settlement Agreement and Petition for Approval of Minors' Compromise*

Dear Judge Hamilton:

  I write on behalf of counsel representing the parties in the above-referenced case to inform the Court that a settlement has been reached in this matter, pending approval by the Court of the Petition for Approval of Minors' Compromise. Enclosed with this letter is a copy of the General and Specific Release of All Claims, executed by the adult plaintiffs and signed by the Guardians ad Litem for the plaintiffs who are minors.

  Also enclosed for the Court's consideration is a Petition for Approval of Minors' Compromise. If the petition is acceptable to the Court, the parties respectfully request that you sign it. Alternatively, if the Court has concerns regarding the matter, the parties request that a hearing be scheduled to allow plaintiffs and counsel to address them.

Honorable Phyllis J. Hamilton
November 15, 2007
Page 2

      A settlement conference is presently scheduled for November 30, 2007, before the Honorable Magistrate Judge Larson. If the Court approves the settlement and compromise in this matter, the parties respectfully request that the conference date be vacated.

      Thank you for your consideration in this matter.

                                        Respectfully submitted,

                              MICHAEL P. MURPHY, COUNTY COUNSEL

                              By: _____
                                 John D. Nibbelin, Deputy

MPM:JDN/cc

Enclosure(s)

cc:  Mark Blair, Esq.
      Joseph Howard, Esq.
      John Verber, Esq.

L:\LITIGATE\M_CASES\Moreno\Letter re Settlement.doc

## GENERAL AND SPECIFIC RELEASE OF ALL CLAIMS

1. Recitals

    a. WHEREAS, an action entitled *Andrea Soto Moreno, et al. v. City of East Palo Alto, et al.*, C 06-4168 PJH, has been filed in the United States District Court for the Northern District of California; and

    b. WHEREAS, the parties to this action wish to settle it; and

    c. WHEREAS, the parties listed in Section 2, below, enter into this Release, effective as of October 23, 2007, to effectuate settlement.

2. Parties. The Plaintiffs in this action are Feliciano Vargas, Luz Aida Vargas, Feliciano Vargas, Jr. and Oscar Renteria by and through his Guardian Ad Litem Feliciano Vargas, Andrea Soto Moreno, Jessica Soto Moreno, Maritza Soto Moreno, and Ramiro Soto Moreno by and through their Guardian Ad Litem Natividad Moreno (hereafter, collectively referred to as "Releasors"). The Defendants are John Munsey, Richard Maher, Craig Denton, Gary Ramos, Daubrey Lindauer, Rick Tippins, Patrick Moran, James Killmon, Fred Padilla, Benjamin Hand, Craig Cullen, Tony Mariucci, Matthew Broad, Arthur Marcussen, Ken Jones, Donald Horsley, Donald Mattei, James Christman, Anthony Psaila, Thomas & Betts Corporation, Armor Holding Forensic, LLC, the County of San Mateo, the City of Belmont, and their respective Board of Supervisors, City Council, parent and subsidiary corporations, officers, directors, employees, fellow employees, agents, servants, predecessors, successors in interest, attorneys, heirs, estates or personal representatives, or any of them, (hereafter, occasionally collectively referred to as "Releasees").

3. Payment. Releasees shall make payment of the sum of forty-five thousand dollars ($45,000.00) paid to Releasors in the form of check or draft payable to their counsel, Mark Blair, Esq., within thirty days of the Court's approval of the Minors' Compromise. The payment shall be allocated among the defendants as follows: thirty five thousand dollars ($35,000.00) paid by the County of San Mateo; five thousand dollars ($5,000.00) paid by the City of Belmont, and five thousand dollars ($5,000) paid by Thomas & Betts Corporation and/or Armor Holding Forensic LLC. It is further expressly understood and agreed that said payment includes payment of attorneys' fee and all other litigation costs or expenses for Releasors. Payment of the amount set forth in this paragraph 2 shall be as set forth in the Court's Order in response to the Plaintiffs' Petition for Approval of Minors' Compromise.

4. Release. In consideration for the payment in paragraph 3 above, Releasors do hereby fully, finally and forever remise, discharge and release Releasees from and against any and all claims, demands, liabilities, obligations, damages or chose in action, legal or equitable, attorneys fees and costs of whatever kind or nature, in which the Releasors, or any of them, whether successors in interest, or heirs, estates or personal representatives, or any of them, now may have or assert, or may have had in the past or may have in the future against Releasees, or any of them, as the result of, based upon, arising out of or connected with any act, deed, conduct, operation, incident, omission, occurrence, matter or thing alleged or stated in the Complaint filed by Releasors in the

United States District Court for the Northern District of California, against the Releasees, or some of them, designated as:

> *Andrea Soto Moreno, et al. vs. City of East Palo Alto, et al.*, United States District Court Case No. C06-4168 PJH (hereinafter, referred to as "the Action.")

5. Waiver of Civil Code Section 1542. This RELEASE is a final and full release applying to all unknown and unanticipated claims against the Releasees as well as those known and anticipated arising out of the Action, including claims for costs and attorney's fees, and this RELEASE shall apply to any new and different damages which may manifest themselves in the future as a proximate result of said casualty or event and as to which they are presently without knowledge, and in the same manner as it applies to damages presently known. Releasors are on notice of and hereby specifically and expressly waive the provisions of California Civil Code ' 1542, which provides as follows:

> " A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.."

Releasors certify that they have read Civil Code Section 1542, set out above, and indicates that fact by their initials. Releasors' initials _F.V. N.M_
_L. AY._

6. Advice of Counsel. The parties to this Release acknowledge that in executing this RELEASE they are relying solely upon the legal advice of their respective attorneys hereinafter named, who are the attorneys of their own choice, and further state that they have not relied on statements of any attorneys or other persons acting on behalf of the parties herein released.

7. Cooperation in effectuating agreement. Releasors hereby abandon and agree to dismiss with prejudice any and all actions at law brought by the undersigned in any court and arising out of the above occurrence, including Action No. C06-4168 PJH now pending in the United States District Court, each party to bear their own costs of suit and attorneys' fees. Releasors further agree to cooperate in the execution and filing of all documents necessary to effectuate this release of all claims.

8. Indemnification. Releasors agree to indemnify and save and hold harmless the Releasees from any loss, claim, expense, demand or cause of action in any way arising from any medical claim, medical lien, attorney lien, subrogation claim, or any other medical or legal expense in any way related to the incident which is the subject matter of this release, as described above.

9. Each party bears own costs. Releasors and Releasees agree to bear their own costs arising out of or connected with the Action.

10. No previous assignments. Releasors certify and acknowledge that they have not previously

assigned any of the claims which are now being released pursuant to this Release. Releasors further expressly agree that this Release shall be binding upon all successors and assigns and shall inure to the benefit of Releasees, and each of them. Releasors further represent that any approvals of this settlement required to be obtained by the undersigned have been obtained and that they are expressly or otherwise fully authorized to release and discharge Releasees as described herein.

11. No admission of liability. The parties to this Release understand and agree that liability for the casualty or events alleged in the Action is disputed by the parties herein released and that this RELEASE is a compromise and shall not be construed as an admission of any fact, claim or allegation of liability or responsibility on the part of the Releasees, or any of them, and that any liability is expressly denied.

12. Modifications. Any amendment or modification to this Release must be in writing and executed by all parties.

13. Interpretation. This Release shall be construed and interpreted in accordance with the laws of the State of California.

14. Counterparts. This Release may be signed induplicate original counterparts, each of which shall be deemed to be an original, but such duplicate original counterparts together shall constitute one and the same instrument.

15. Costs. Each party shall bear their own attorneys' fees and costs arising out of the Action and the negotiation, preparation and execution of this Release.

16. Severability. If any provision of this Release is held unenforceable, then such provision will be modified to reflect the parties' intention. All remaining provisions of this agreement shall remain in full force and effect.

17. Entire agreement of parties. This Release is intended by the parties to represent the final expression of their agreement and to be a complete and exclusive statement of the terms. This instrument supersedes, extinguishes and is in lieu of any and all other agreements, negotiations, understandings and representations which may have been made or entered into by and between the parties.

Wherefore, the parties execute this Release as of the date first written above.

_____
Feliciano Vargas, individually and as Guardian Ad Litem for Feliciano Vargas, Jr. and Oscar Renteria

_____
Luz Aida Vargas

_____
Feliciano Vargas, Jr.

_____
Natividad Moreno as Guardian Ad Litem for Andrea Soto Moreno, Jessica Soto Moreno, Maritza Soto Ramiro and Ramiro Soto Moreno

I, Feliciano Vargas, Jr., do hereby affirm that I am fluent in both English and Spanish and that I have faithfully and completely translated this General and Specific Release of All Claims from English to Spanish for Feliciano Vargas, Sr., Luz Aida Vargas, and Natividad Moreno.

_____
Feliciano Vargas, Jr.

Approved as to form:

_____
Mark Blair, Esq.,
Attorney for Releasors

L:\LITIGATE\M_CASES\Moreno\release final.doc

4 of 4

MARK BLAIR
State Bar Number 122168
520 South El Camino Real, Suite 218
San Mateo, California 94402
PHONE (650) 344-4343
FAX      (650) 344-4353
EMAIL: themarkblair@yahoo.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA SOTO MORENO, JESSICA SOTO MORENO, MARITZA SOTO RAMIRO, OSCAR RENTERIA, RAMIRO SOTO MORENO, FELICIANO VARGAS, FELICIANO VARGAS JR, LUZ AIDA VARGAS<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BELMONT, et al.<br><br>Defendants. | CASE NO : C 06 4168 PJH<br><br>PLAINTIFFS' PETITION FOR APPROVAL OF MINORS' COMPROMISE |

Petitioners allege as follows;

1.     Petitioner Feliciano Vargas is the regularly appointed guardian ad litem for plaintiff Oscar Renteria and Feliciano Vargas Jr, minors in this action. Feliciano Vargas Jr., after the filing of this law suit, reached 18 years of age and is no longer a minor. Petitioner Natividad Moreno is guardian ad litem for plaintiffs Andrea Soto Moreno, Jessica Soto Moreno, Maritza Soto Moreno and Ramiro Soto Moreno, minors in this action.

1

PLAINTIFFS' PETITION FOR COMPENSATION

2.      Petitioners have engaged attorney Mark Blair to represent them in this matter and have agreed to pay to plaintiffs attorneys reasonable attorneys' fees as determined by the Court, and in addition, to reimburse them for Court costs and other expenses.

3.      On July 10, 2004, Defendants entered the Vargas apartment in East Palo Alto, California pursuant to a valid search warrant to search for a weapon used in a homicide. In the process, Defendants detained Plaintiffs at gun point and applied plastic restraints to Feliciano Vargas. Feliciano Vargas was physically hurt by the application and removal of the restraints. Plaintiff Oscar Renteria was asleep on a bed when Defendants entered the apartment. Defendants awakened Oscar Renteria by shoving a gun barrel several times into Oscar's stomach. The other Plaintiffs witnessed Defendants' conduct.

4.      Plaintiffs' attorneys were not recommended to petitioner by defendants, have no business or other relationship with defendants, and will receive no other compensation for their services except as described in this petition.

5.      Defendants have offered to pay $45,000 to the Plaintiffs in consideration of the dismissal with prejudice and a full release in this matter, and petitioners recommend this settlement to the court as being fair and reasonable, and in the best interests of the minor children. Petitioners understand that if the proposed settlement is approved, plaintiffs will be barred from seeking further compensation in the future. Plaintiffs and their guardians have met and conferred. They have recognized that Petitioner Feliciano Vargas suffered physical injuries that caused him to undergo surgery on his left wrist for to relieve nerve compression and lose four weeks of wages as a result. Moreover, Plaintiffs and their guardians ad litems recognize that Feliciano Vargas still suffers loss of sensation in his left hand. In addition, they agree that Plaintiff minor Oscar Renteria should receive compensation for the police misconduct. The Plaintiffs agreed that the other minor children, as well as Feliciano Vargas Jr now an adult, should receive nothing.

1  Plaintiffs and their guardians have unanimously agreed that the net amount be split only between
2  Plaintiff Feliciano Vargas (adult) and Oscar Renteria (minor). Plaintiffs have read, approved and
3  signed a statement acknowledging the settlement, costs and distribution of the $45,000 and have
4  attached said statement as Exhibit A to this petition.
5
6. The following costs and fees have been incurred in this matter and should be paid from the
6
7  proceeds of settlement.

| | |
|---|---|
| Total Settlement | $45,000 |
| Attorney Fee 40% (attorney has agreed to less) | $12,000 |
| Case Costs Advanced | $12,758 |
| Balance | $20,242 |
| Feliciano Vargas | $15,242 |
| Oscar Renteria | $5,000 |

7. As to plaintiff minor Oscar Renteria, the $5,000 shall be deposited in Washington Mutual (a financial institution) in East Palo Alto, California and not disbursed without further Order of the Court. A certified or filed endorsed copy of this Order must be delivered to the manager at the financial institution where the funds are to be deposited, and a receipt from the financial institution must be promptly filed with the Court, acknowledging receipt of both the funds deposited and the Order for deposit of funds. Oscar Renteria will attain the age of majority on March 23, 2013. Accordingly, Washington Mutual (a financial institution) may permit withdrawal of the funds by the former minor after that date, without further Order of the Court.

////////////////

3

PLAINTIFFS' PETITION FOR COMPENSATION

1  WHEREFORE, petitioners request that the Court make its Order approving the settlement
2  and for such other relief as the Court considers proper.
3  I declare under penalty of perjury that the foregoing is true and correct and that this
4  declaration was executed on November 14, 2007 at San Mateo, California.

LAW OFFICES OF MARK BLAIR

By: *[signature]*
MARK BLAIR
Attorney for Plaintiffs

For good cause shown, the Court hereby approves in its entirety the above Plaintiffs' Petition for Approval of Minors' Compromise.

Date: 11/20/07



Honorable Phyllis Hamilton
Judge
United States
Northern District

---

4

PLAINTIFFS' PETITION FOR COMPENSATION

# EXHIBIT A

We, the undersigned, have reviewed and approved the settlement offer of $45,000 from the defendants in the Soto Moreno litigation.

We have discussed, reviewed and approved all costs ($12,758) in the Soto Moreno litigation. We have discussed among us and agreed that our attorney, Mark Blair, receive $12,000 for his services in obtaining the settlement.

We have also discussed and agreed among us upon the following distribution of the net amount, $20,242: Feliciano Vargas is to receive $15,202 because he suffered physical injuries, underwent corrective surgery, lost time and wages from work, and still suffers today from a partial loss of sensation in his left hand; Oscar Renteria is to receive $5000 as a result of the police conduct; and the other minor children will receive nothing.

Date: 11/14/07

_____
Feliciano Vargas, individually and as Guardian Ad Litem for Oscar Renteria

_____
Luz Aida Vargas

_____
Feliciano Vargas Jr. (no longer a minor)

_____
Natividad Moreno, individually and as Guardian Ad Litem Andrea Soto Moreno, Jessica Soto Moreno, Marizta Soto Ramiro and Ramiro Soto Moreno

I, Feliciano Vargas Jr, am fluent in both English and Spanish and have faithfully translated this document from English into Spanish in its entirety.

Date: 11/14/07

_____
Feliciano Vargas Jr.

I, Mark Blair, Attorney for the Plaintiffs, have reviewed all the above on October 14, 2007 with Feliciano Vargas, Luz Aida Vargas, Natividad Moreno and Feliciano Vargas Jr and agree with the above.

Date: 11/14/07

_____
Mark Blair